# TOLEDO SCALE COMPANY *v.* DUNN.

PATENTS; INTERFERENCE; DILIGENCE.

1. Where in an interference proceeding the junior party relied upon a former application as showing constructive reduction to practice, it was *held* that the drawings attached to that application did not clearly disclose the invention as claimed, and that his conduct after the filing of his earlier application, in negotiating the purchase of the invention of a third party, and assisting him in an interference which had been declared between the latter and the senior party, indicated that the junior party knew his earlier application did not disclose the issue.

2. Where one of the parties to an interference was the first to conceive,
but the last to reduce to practice, he is not entitled to an award of
priority, unless he shows that he was diligent at the time the other
party entered the field.

No. 941.   Patent Appeals.   Submitted March 8, 1915.   Decided
March 29, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.         *Affirmed.*

The facts are stated in the opinion.

*Messrs. Rector, Hibben, Davis, & Macauley* for the appel-
lant.

*Mr. V. H. Lockwood* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of
Patents in an interference proceeding, awarding priority of in-
vention to appellee, Frank P. Dunn.   This issue is set out in
twelve counts, which are sufficiently illustrated by the follow-
ing:

"1. In weighing scales, the combination of a beam fulcrumed
intermediate its ends, a goods receiver carried by the beam on
one side of the latter's fulcrum, a pendulum, fixed bearings
from which the latter is wholly suspended, and a connection
between the pendulum and the beam on the side of the latter's
fulcrum opposite that where the goods receiver is located, the
beam preponderating in weight on the side where the pendulum
is connected, normally holding the latter and the goods receiver
elevated, the pendulum being adapted to descend with the ap-
plied load until equilibrium is attained."

"12. In a weighing scale, the combination with a main beam
or lever, a goods receiver carried thereby to one side of its
pivot or fulcrum, a counterbalance member comprising a pendu-

lum and its journal, a positively operating connection attached to said member eccentrically with respect to its journal and applied to the beam on the side of the latter's pivot or fulcrum opposite that where the goods receiver is located, the beam on such side preponderating in weight to normally uphold the goods receiver and normally elevate the pendulum through the positive connection aforesaid, a fixed plate bearing a table of weights, and an index hand extending adjacent the same and secured to the pendulum, the pendulum being adapted to descend with the applied load until equilibrium is attained."

This interference was declared between the application of one De Vilbiss, filed October 19, 1908, and assigned to appellant company, and the application of appellee, filed September 9, 1907, for reissue of a patent granted June 11, 1907, on an application filed November 19, 1906.

Appellant relies upon two applications filed by De Vilbiss, one on May 23, 1904, and the other on March 27, 1905, for constructive reduction to practice of the invention in issue. It was not seriously contended at bar that the application filed in 1905 disclosed the issue here in interference, but great reliance is placed upon the application of 1904 as disclosing the elements of the issue.

The present invention relates to scales of the pendulum type. The main beam carries a goods receiver on one side of its fulcrum, and is connected on the opposite side of the fulcrum with a pendulum which is normally elevated, the pendulum and the end of the beam carrying the goods receiver counterbalancing the other end of the beam. When a load is placed upon the goods receiver, that end of the beam will be lowered, causing the other end of the beam to rise and the pendulum connected therewith to fall in exact proportion to the amount of weight placed upon the goods receiver, the diminishing coacting influence of the pendulum causing the parts to reassume equilibrium. An indicator attached to the pendulum denotes the weight of the goods. When the pendulum is in its normal position, the indicator is at zero.

Referring to the application of 1904, the Examiner of In-

terferences said: "I am of the opinion that the invention is not sufficiently disclosed in the application No. 209,396 to entitle De Vilbiss or his assignee to the benefit thereof in this controversy. This application was drawn primarily to a tare device, and there is practically no reference to the rest of the scale mechanism. It is true that the beam is shown in the drawing as a lever of the first order, and that it is attached at the inner end of a pendulum mechanism. But there is no statement or hint in the specification that the inner end of the beam was intended to be sufficiently heavy to counterbalance the scale pan and the pendulum, and there is nothing in the drawing to indicate that such was the case. In fact, the proportions of the beam are such as to clearly indicate that there was no intention of illustrating it as a weighted beam. The beam is shown in the position it would occupy when the maximum weight is on the scale pan, and yet the drawing shows no weight on the pan, and there is no statement in the specification to indicate that the beam was intended to be in the position of maximum load. Furthermore, when the drawings were filed, the numerals on the indicating scale were arranged so that the pointer indicated zero when the beam is in the position now illustrated, and while the numerals have since been changed, they now read backwards or from left to right. It is true that a drawing, if clear, will constitute a sufficient disclosure of an invention, but in view of the defects and inconsistencies in the De Vilbiss drawings, No. 209,396, it is not believed that the office is warranted in holding that they so clearly disclose the invention as to constitute a constructive reduction to practice." With this conclusion of the Examiner of Interferences we agree.

That the earlier application did not disclose the invention in issue is most strongly borne out by the subsequent conduct of De Vilbiss. De Vilbiss was in charge of the patents and inventions of appellant company. Although his application, which it is now claimed discloses the elements of this issue, was filed May 23, 1904, in the latter part of the year 1905 he became interested in a scale, also embodying the same subject-matter, which had been invented by one Pool, and after negotia-

tions lasting until January, 1907, finally purchased the same on behalf of appellant company. An application, witnessed by De Vilbiss, was then filed by Pool, and an assignment made to appellant company. Subsequently an interference, the issue of which was substantially the same as that now before us, was declared between the Pool application and appellee's patent. This interference was conducted by the appellant company, with the knowledge of De Vilbiss, who testified on behalf of Pool. Yet De Vilbiss did not make known his claim of invention or file his application until after decisions adverse to Pool had been rendered in the interference proceeding by both the Examiner of Interferences and the Board of Examiners in Chief. That interference subsequently terminated in favor of appellees here. *Pool* v. *Dunn*, 34 App. D. C. 132.

It is difficult to believe that had De Vilbiss regarded his application of 1904 as a reduction to practice of the invention here in controversy, he would thereafter have negotiated the purchase of the Pool invention for appellant company, have filed an application therefor, and have assisted in the prosecution of the interference proceeding.

We are therefore of opinion that De Vilbiss should be restricted to the date of filing his application here in issue for a constructive reduction to practice. Even though De Vilbiss was the first to conceive, he was the last to reduce to practice, and there is no claim advanced on his behalf that he was diligent at the time appellee entered the field. It is unnecessary to consider the other questions raised by appellee in this case.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                                                      *Affirmed.*